**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ANTONIO BUSBY,

        Plaintiff,

vs.

PRIME HEALTHCARE,

        Defendant.

2:18-cv-00066-JCM-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 1]

    Before this Court is *pro se* Plaintiff Antonio Busby's application to proceed *in forma pauperis* (ECF No. 1). The Court denies Busby's application without prejudice for the following reasons.

    Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The Court may authorize the commencement of an action without prepayment of fees and costs by a person who submits an affidavit showing the person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). It is "essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty. *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Determination of what constitutes 'unable to pay' or unable to 'give security therefor' and, therefore whether to allow a plaintiff to proceed *in forma pauperis,* is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs." *Lasko v. Hampton & Hampton Collections, LLC*, No. 2:15-CV-01110-APG, 2015 WL 5009787, at \*1 (D. Nev. Aug. 21, 2015).

    Here, Busby's application is incomplete. Busby does not state whether he owns any valuable property, nor does he state whether he owes any debts or other financial obligations. (ECF No. 1 at 2). In

addition, while Busby recorded his biweekly income, it is unclear if this income is current.[1] (*Id.*). Without this information, the Court is unable to determine Busby's financial situation, and thus cannot grant Busby's application. However, the Court will consider Busby's application if he amends and refiles it by February 26, 2018.

Since the Court denies Busby's application without prejudice because of an incomplete financial affidavit, it does not need to address the adequacy of the Complaint. However, if Busby files an amended affidavit and the Court grants his application, the Court will screen his complaint. It is recommended that Busby take the following issues into consideration, and file an amended Complaint along with his amended financial affidavit.

Federal courts have the authority to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." In addition, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

Here, Busby's complaint lacks sufficient facts. First, Busby's complaint must clarify the charge under Title VII that he asserts against Prime Healthcare. A Plaintiff may pursue various charges under Title VII. For example, a Plaintiff may charge an employer with disparate impact, discrimination, or hostile work environment. However, since charges under Title VII may contain different elements, Busby must specifically select the charge that fits his case. 42 U.S.C § 2000e-2; *Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2661, 174 L. Ed. 2d 490 (2009). In addition, Busby does not allege any facts that would give rise to a claim under the Genetic Information Nondiscrimination Act. (ECF No. 1-1 at 1). The

---

[1] This is unclear for two reasons. First, Busby does not state his current employer in his application. Second, since Busby's Complaint alleges that he was wrongfully terminated from his previous employment, it is unclear if the income Busby listed is his current income or the income he earned while at his former job.

Genetic Information Nondiscrimination Act only allows a cause of action for employees whose employers discriminate against them based on genetic information (such as being prone to cancer). 42 U.S.C.A § 2000ff-1(a). Busby also does not allege any facts that would give rise to a claim under The Whistleblower Protection Act of 1989, as this law only protects employees of the federal government. Whistleblower Protection Act of 1989, PL 101-12, April 10, 1989 103 Stat 16.

Busby's Complaint only vaguely refers to his termination, EEOC complaint, and the conversations with supervisors that form the basis of his claims. (ECF No. 1-1 at 1). Busby must add facts specifying the alleged defamatory remarks, the details surrounding his termination such as the date and the parties involved, and details pertaining to the status and time of filing of his EEOC complaint. Without the inclusion of the facts mentioned above, the Complaint does not state a claim upon which relief can be granted.

For the reasons stated above, the Court denies Busby's application to proceed *in forma pauperis* without prejudice. The Court will consider Busby's application if Busby completes the application in its entirety.

ACCORDINGLY,

IT IS ORDERED that Plaintiff Antonio Busby's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that by February 26, 2018, Busby must either (1) file a complete application to proceed *in forma pauperis*, or (2) pay the full fee for filing a civil action.

IT IS FURTHER ORDERED that failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the currently filed complaint or the amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

## NOTICE

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 25th day of January, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE