# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

ANTONIO BUSBY,

        Plaintiff,

vs.

PRIME HEALTHCARE,

        Defendant.

2:18-cv-00066-JCM-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1)

    Before this Court is *Antonio Busby v. Prime Healthcare* case number 2:18-cv-00066-JCM-VCF. Plaintiff Antonio Busby filed an Application to proceed *in forma pauperis* on January 11, 2018. (ECF No. 1). This Court issued an order denying Busby's application to proceed *in forma pauperis* without prejudice on January 25, 2018. (ECF No. 3 at 3). The court denied Busby's application because he had not included enough information in his financial affidavit for the Court to determine if he was capable of paying the filing fee. (*Id.* at 2). The Court further ordered that Busby had until February 26, 2018 to either file a complete application to proceed *in forma pauperis* or to pay the full filing fee for commencing a civil action. (*Id.* at 3). Busby has filed neither a complete application, nor a filing fee as of March 1, 2018.

    Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The Court may authorize the commencement of an action without prepayment of fees and costs by a person who submits an affidavit showing the person is unable to pay a filing fee or provide security therefor. 28 U.S.C. § 1915(a)(1). It is "essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Determination of…whether to allow a plaintiff to proceed *in forma pauperis,* is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs."

*Lasko v. Hampton & Hampton Collections, LLC*, No. 2:15-CV-01110-APG-VCF, 2015 WL 5009787, at *1 (D. Nev. Aug. 21, 2015).

Busby has failed to take the steps necessary to commence this action. He has not submitted a complete financial affidavit, nor has he paid the filing fee for commencing a civil action. Therefore, this case cannot move forward. A complaint has not been lodged in this matter since the application for *in forma pauperis* was denied and the filing fee was not paid. There are no claims to dismiss.

ACCORDINGLY,

IT IS HEREBY ORDERED that the Clerk of Court administratively close this case.

IT IS SO ORDERED.

///

///

///

///

///

///

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

DATED this 2nd day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE